**Abatement Order filed March 17, 2016**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00553-CR
_____

**CRAIG ALLEN NEALE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court**
**Chambers County, Texas**
**Trial Court Cause No. 30348**

## ABATEMENT ORDER

The reporter's record in this case was due July 31, 2015. *See* Tex. R. App. P. 35.1. On November 13, 2015, volumes 6 and 7 of the reporter's record were filed by court reporter Audrey Waldrop. On January 7, 2016, this court ordered Tamara Derouen, the substitute court reporter, to file the remainder of the record within 30 days. On February 8, 2016, Tamara Derouen requested an extension of time to file the record to March 8, 2016. When the court granted the requested extension we noted that no further extensions would be entertained absent exceptional

circumstances. On March 8, 2016, Derouen filed a further request for extension of time, again stating she could file the record by March 8, 2016. The record has not been filed with the court.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). It is the duty of the trial court to ensure that its reporter's work is timely accomplished by setting work priorities. Tex. R. App. P. 13.3. Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the County Court to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate to (a) determine the reason for failure to file the record; (b) establish a date certain when the reporter's record will be filed, and (c) make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court also will consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion**. If the court reporter files the record before the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.**

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Wise.